IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,　　　　　　　　　No. 3:01-cr-00168-HZ

　　　　Plaintiff,　　　　　　　　　　　　　　　OPINION & ORDER

　　v.

DAVID ERNEST GILDERSLEEVE

　　　　Defendant.


Billy J. Williams
United States Attorney
Scott E. Bradford
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97202


1 – OPINION & ORDER

    Attorneys for United States of America

Stephen R. Sady
Chief Deputy Federal Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Defendant

HERNÁNDEZ, District Judge:

Defendant is currently serving a 235-month sentence imposed on April 14, 2003, under the pre-*Booker* mandatory Guidelines. The court enhanced Defendant's sentence, based in part, on his prior convictions for Oregon Burglary I, Robbery II, and Robbery III each qualifying as a "crime of violence" under U.S.S.G. §§ 4B1.1 and 4B1.2. On June 23, 2016, Defendant filed his motion to vacate or correct his sentence under 28 U.S.C. § 2255, arguing that in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the residual clause of the mandatory Guidelines used to enhance his sentence was unconstitutionally void for vagueness. *See* Mot. to Vacate, Set Aside or Correct Sentence, ECF 32 [hereinafter "*Johnson* Motion"].The Government moves to dismiss Defendant's *Johnson* Motion on the ground that it is untimely filed under 28 U.S.C. § 2255(f)(3). Because Defendant's motion does not satisfy § 2255(f)(3), the Government's motion to dismiss is granted and Defendant's *Johnson* Motion is denied.

## BACKGROUND

In February 2003, Defendant pled guilty to one count of federal armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Def.'s Mem. in Support of *Johnson* Motion, Ex. A, ECF 40. As part of that plea agreement, Defendant agreed that he was subject to enhanced punishment under U.S.S.G. §§ 4B1.1 and 4B1.2. *Id.* at 10. The Presentence Report

recommended that Defendant's sentence be enhanced because his conviction for federal armed bank robbery, as well as his prior Oregon convictions for Burglary I, Robbery II, and Robbery III each qualified as a "crime of violence" under the residual clause of the Guidelines. Def.'s Mem. in Support of *Johnson* Motion 2–3. Defendant's offense level under a criminal history category of VI was raised from level 24 to level 31. *Id.* As a result, his mandatory Guidelines range was 188–235 months. *Id.* Pursuant to the plea agreement, the parties recommended a 235-month sentence at the high-end of the range and the court imposed the recommended sentence. *Id.*

On June 23, 2017, Defendant filed his *Johnson* Motion seeking to vacate, set aside, or correct his sentence. In *Johnson*, the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA") was void for vagueness. 135 S. Ct. at 2563. Defendant argues that the identically-worded residual clause of the mandatory Guidelines is also void for vagueness under *Johnson*. Accordingly, Defendant claims that his prior Oregon convictions cannot support the application of mandatory sentence enhancements under the Guidelines.

In response, the Government moves to dismiss Defendant's *Johnson* motion as time-barred. Under 28 U.S.C. § 2255(f), a motion to vacate or correct a sentence must be filed within one year from the date on which the sentence became final or from the date that the Supreme Court initially recognizes the right asserted by the movant. The Government argues that Defendant's *Jonson* Motion is untimely because he was sentenced in 2003 and the right recognized by the Supreme Court in *Johnson* is distinct from the one asserted by Defendant. Specifically, the Government contends that the narrow holding of *Johnson* applied only to the ACCA and did not encompass a new right applicable to the mandatory Guidelines.

//

//

**STANDARDS**

Under 28 U.S.C. § 2255(a), a prisoner may move to vacate, set aside, or a correct a sentence if it "was imposed in violation of the Constitution or laws of the United States." A one-year limitation period applies to motions filed under this section. 28 U.S.C. § 2255(f). The limitations period runs, in relevant part, from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3).

**DISCUSSION**

The question before the Court is whether the Supreme Court recognized in *Johnson* a right to have a sentence calculated without reference to the pre-*Booker* residual clause of the mandatory Guidelines. Other courts in this district have considered the same legal question in cases with very similar factual backgrounds involving bank robbery convictions. *See United States v. Beraldo*, No. 3:03-cr-00511-AA, 2017 WL 2888565 (D. Or. July 5, 2017); *United States v. Colasanti*, No. 6:96-cr-60132-MC, 2017 WL 4273300 (D. Or. Sept. 26, 2017); *United States v. Patrick*, No. 6:98-cr-60099-MC-1, 2017 WL 4683929 (D. Or. Oct. 18, 2017). Each of those decisions concluded that *Johnson* did not recognize the right that the defendants claimed, and each dismissed the defendants' motions as time-barred.

For example, in *Colasanti*, the defendant pled guilty to three counts of federal unarmed bank robbery and he had two prior convictions for California robbery, all of which qualified as "crimes of violence" under the mandatory Guidelines. 2017 WL 427330, at *1. The defendant in that case also argued that *Johnson* applied to the mandatory Guidelines. *Id.* Following a growing consensus of cases, the *Colasanti* court adopted a narrow approach for determining whether the Supreme Court had recognized a new right. *Id.* at *4. Applying the majority's narrow approach,

the court concluded that "*Johnson* d[id] not recognize the right to have a sentence calculated without reference to the pre-*Booker* residual clause of § 4B1.2(a)(2)." *Id.* (collecting cases).

Moreover, both the defendant in *Colasanti* and the instant case rely on *Beckles v. United States*, 137 S. Ct. 886 (2017), to support their claim that *Johnson* recognized a new right applicable to the mandatory Guidelines. In *Beckles*, the Supreme Court held that the post-*Booker* advisory guidelines were not subject to void-for-vagueness challenges under *Johnson*. *Id.* at 892. The *Beckles* Court reasoned that there was a constitutionally significant distinction between "statutes fixing sentences" such as the ACCA and the advisory Guidelines which do not fix the permissible range of sentences. *Id.* at 892–93. The Supreme Court concluded that the advisory guidelines "merely guide the exercise of a court's discretion" and are thus "not subject to a vagueness challenge under the Due Process Clause." *Id.* at 893. Justice Sotomayor separately wrote that the majority opinion "leaves open the question of whether defendants sentenced [prior to *Booker*]—that is, during the period in which the Guidelines did 'fix the permissible range of sentences,'— may mount vagueness attacks on their sentences." *Id.* at 903 n.4 (internal citation omitted). Justice Sotomayor continued that "[t]hat question is not presented by this case and I, like the majority, take no position on its appropriate resolution." *Id.*

The court in *Colasanti* found that while *Beckles* "left open" the question above, it did not resolve whether *Johnson* recognized such a right regarding the mandatory Guidelines. 2017 WL 4273300, at *3. The *Colasanti* court limited *Johnson* to its specific holding "that the ACCA's residual clause is unconstitutionally vague." *Id.* at *3. The court elaborated that "[b]y asking lower courts to invalidate the mandatory Guidelines' residual clause, petitioners are impermissibly requesting that these courts recognize a right not established by the narrow

holding in *Johnson*." *Id.* at *3 (citing *Raybon v. United States*, 867 F.3d 625, 630–31 (6th Cir. 2017)).

The Court is persuaded by the reasoning in *Colasanti* and concludes that the Supreme Court in *Johnson* did not recognize a new right with respect to the mandatory Guidelines. The majority of opinions from this jurisdiction and the growing weight of relevant authority favor narrowing *Johnson* to its holding. *See Patrick*, 2017 WL 4683929, at *4 (collecting cases). Accordingly, the Court concludes that Defendant's claimed right does not satisfy 28 U.S.C. § 2255(f)(3) and his *Johnson* Motion is therefore time-barred.

## CONCLUSION

The Court grants the Government's motion to dismiss Defendant's *Johnson* Motion [45] and Defendant's *Johnson* Motion [32] is denied. The Court also finds that reasonable jurists could debate the Court's resolution of this matter and a certificate of appealability is therefore granted.

Dated this __28__ day of __November__, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge